

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 2, 1951

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V 1228

Re: Proper portion of Armed
Forces compensation to
be considered in calcu-
lating the pay of State
employees while on mili-
tary leave.

Dear Sir:

You have asked that we define "pay and allow-
ances when on active duty" as used in Senate Bill 180,
Acts 51st Leg., R.S. 1949, ch. 523, p. 954 (Art. 5769b,
V.C.S.) in order to determine what portion of his salary
from the State, if any, should be paid to a State em-
ployee on military leave. You have also asked whether
allowances include the value of food and quarters fur-
nished as distinguished from those cases in which cash
payments are received in lieu of food and quarters.

Section 3 of the Article in question states:

"All officer: and employees of the
State of Texas who shall be members of
the National Guard or official militia
of Texas, or members of any of the Re-
serve Components of the Armed Forces,
shall be entitled to leave of absence
from their respective duties without
loss of time or efficiency rating on
all days on which they shall be ordered
by proper authority to duty with troops
or field exercises, or for instruction
for not to exceed fifteen (15) days in
any one calendar year; provided, however,
that the State Comptroller shall pay to
the officer or employee the difference
between his pay and allowances when on
active duty, as certified by said officer
or employee, and his salary from the
State of Texas when the latter is the
greater, and when authorized to do so by
the head of the Department or the direct-
ing board of an institution or agency
where such officer or employee is employed."
(Emphasis added.)

It is manifest that the purpose of this act was to encourage public employees who are "members of the National Guard or official milita of Texas, or members of any of the Reserve Components of the Armed Forces" to participate in the usual amount of authorized military training each year by providing that such employees shall not suffer loss of time, efficiency rating, or their normal pay. In the ligh of this purpose, it is our opinion that "pay and allowances" is used in this article in the same sense as the term "salary," with which that term is compared in determining the amount of the supplement authorized by the act, and includes all remuneration received by the employee in the nature of salary or compensation while on active military duty.

The term "pay" is defined in the Dictionary of United States Army Terms (SR 320-5-1, Dept. of Army, August, 1950), page 166, as

". . . regular compensation for Army services including increases for length of service, but not including allowances, mileages, rations, or the like."

This is in accord with the meaning given that term by the courts. See Kogel v. McGoldrick, 289 N.Y. 318, 45 N.E.2d 817, 819 (1942); United States v. Miller, 197 U.S. 223, 227-228 (1905); Sherburne v. United States, 16 Ct. Cl. 491, 497 (1880); Irwin v. United States, 38 Ct. Cl. 87, 103 (1903). It includes "flight pay." United States v. Jones, 100 F.2d 65, 67 (C.C.A. 8th 1938).

Allowances, on the other hand, "are indirect or contingent remuneration, which may or may not be earned, and which is sometimes in the nature of compensation, and sometimes in the nature of reimbursement. . . ." Sherburne v. United States, 16 Ct. Cl. 491, 497 (1880). Those which are in the nature of compensation, such as monetary allowances for dependents, are to be included in computing the "pay and allowances" under Article 5769b. Those which are in the nature of reimbursement should not, in view of the purpose of Article 5769b, be included in such computation. Of this nature are travel allowances or mileage[1] and quarters or rental

---

1/ United States v. Smith, 158 U.S. 346 (1895).

allowances.[2]  We think subsistence allowances are of the same nature as quarters allowances and should also be excluded.  This is consistent with the rule that quarters and subsistence allowances "are not considered as income for the purposes of taxation." Bercaw v. Commissioner of Internal Revenue, 165 F. 2d 521, 524 (C.C.A. 4th 1948).  Since quarters and subsistence allowances are not to be included in the computation, a fortiori the value of food and quarters furnished in kind should not be included.

## SUMMARY

In computing "pay and allowances" of a State employee on active military duty under Article 5769b, V.C.S., the regular compensation for Army services, including increases for length of service and hazardous duty pay, should be included, as well as monetary allowances for dependents.  Travel allowances or mileage, quarters allowances, subsistence allowances, and the value of food and quarters furnished in kind should not be included in such computation.

Yours very truly,

PRICE DANIEL
Attorney General

Joe S. Moore

Jesse P. Luton, Jr.
                    Assistants

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JSM/JPL:jmc

2/   Jones v. United States, 60 Ct. Cl. 552 (1925).